IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LINDA HART                                                                                          PLAINTIFF

v.                                        NO. 3:08CV00069 HDY

MICHAEL J. ASTRUE,                                                                      DEFENDANT
Commissioner of the Social
Security Administration

MEMORANDUM OPINION AND ORDER

BACKGROUND. The record reflects that in February of 2005, plaintiff Linda Hart ("Hart") filed an application for disability insurance benefits pursuant to the provisions of the Social Security Act ("Act"). Her application was denied initially and upon reconsideration. She next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In March of 2007, the ALJ issued a decision adverse to Hart. She appealed the adverse decision to the Appeals Council. The adverse decision was affirmed by the Appeals Council, and, as a result, the adverse decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In April of 2008, Hart commenced the proceeding at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In her complaint, she challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

FINDINGS. The Commissioner made findings pursuant to the five step sequential evaluation process. At step one, the Commissioner found that Hart has not engaged in substantial gainful activity since the alleged onset date. At step two, the Commissioner found that Hart has the following severe impairments: rhinitis/allergies, right shoulder pain, gout, chronic obstructive pulmonary disease, and varicose veins. At step three, the Commissioner found that Hart does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the regulations. The Commissioner then assessed Hart's residual functional capacity as follows:

> ... [Hart] has the residual functional capacity to sit up to 6 hours in an 8-hour workday and to stand and/or walk up to 2 hours in an 8-hour workday and lift-carry up to 10 pounds from one-third to two-thirds of the workday with the freedom to alternate between sitting and standing as needed with the further limitations of pushing and/or pulling up to 10 pounds from 2 to 6 hours in an 8-hour workday, the ability to climb, balance, stoop, bend, crouch, kneel, or crawl up to 6 hours in an 8-hour workday, the function of reaching overhead with the right upper extremity eliminated, and the requirement to avoid work around excessive chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gasses, and other pulmonary irritants, i.e., [she] is limited to work in a clean air environment, not purified air, but free of fumes, dust, and industrial pollutants.

See Transcript at 17. Given the foregoing, the Commissioner found that Hart is capable of performing a limited range of sedentary work. The Commissioner then proceeded to step four and found that Hart is capable of performing her past relevant work as an automotive bench electrical equipment sub-assembler as she actually performed it as the work does not require the performance of work-related activities precluded by her residual functional capacity.[1] In an alternative finding, the Commissioner proceeded to step five and found that considering Hart's residual functional capacity, age, education, and work experience in conjunction with the testimony of a vocational expert, there are other jobs that exist in significant numbers in the national economy that Hart can perform. Given that finding, the Commissioner concluded that Hart is not disabled within the meaning of the Act.

HART'S ASSERTIONS. Are the Commissioner's findings supported by substantial evidence on the record as a whole? Hart thinks not and advances several reasons why. They are as follows:

---

[1] At step four, the Commissioner solicited the testimony of a vocational expert. The Commissioner summarized the vocational expert's testimony in the following manner:

> The vocational expert testified that [Hart's] past relevant work as an automotive bench electrical equipment sub-assembler is classified under DOT Code 729.684-054 as light and unskilled with an SVP 2. The expert further testified that based on [Hart's] description of the way she actually performed it, she "inspected and packed" the small units by pushing buttons while seated with no standing or walking …, this job was sedentary.

See Transcript at 19.

(1) "[The Commissioner] credited Hart's subjective complaints but did not include in [the] hypothetical ... the limitations about which Hart testified ... would preclude her from [performing] the limited range of sedentary work ..." See Document 12 at 16.

(2) "[The Commissioner's] decision is in conflict with itself–he failed to include in his [residual functional capacity] assessment (and the hypothetical) the very finding he made in his written opinion." See Document 12 at 19.

(3) "[The residual functional capacity assessment] is not supported by the opinion of Hart's treating doctor, which was first submitted to the Appeals Council." See Document 12 at 19.

RESIDUAL FUNCTIONAL CAPACITY. The Commissioner represents that "[a]lthough [Hart] frames the first portion of her argument as a challenge to the reliability of the vocational expert's testimony, all of [Hart's] arguments rest on the correctness of the ... assessment of [her residual functional capacity]." See Document 13 at 4. The Commissioner appears to be correct. For that reason, the Court begins by addressing the Commissioner's findings as to Hart's residual functional capacity.

Residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)]. The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the claimant's] ability to function in the workplace." See Id. at 539.

The Court has examined the Commissioner's findings as to Hart's residual functional capacity. In doing so, the Court has devoted particular attention to the Commissioner's findings as to Hart's ability to sit, stand and/or walk, and lift/carry. The Court confesses considerable difficulty in identifying the evidence and/or reasons justifying the findings. The Commissioner does not disagree that the findings are supported by few reasons but maintains that substantial evidence supports the findings and any error in failing to articulate the reasons justifying the findings is harmless.[2] The Court cannot agree.

The review function of the Court is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. It follows that the Court must know what evidence the Commissioner relied upon in making the findings and the reasons why the evidence justified those findings. In the absence of knowing what evidence was relied upon or the reasons why the evidence justified the findings, the Court is left to scrutinize the record in an attempt to find evidence justifying the findings, an endeavor outside the review function of the Court.

---

[2] For instance, the Commissioner maintains the following:

"Although the ALJ did not provide the reasons his [residual functional capacity assessment] did not reflect limitations as great as those [Hart] claimed, given the facts in the case, any error in the ALJ's credibility analysis was harmless." See Document 13 at 5.

"Because [Hart] failed to establish that her allege[d] back impairment met the Act's durational requirement, the ALJ's failure to explain why he discounted [Hart's] subjective allegation of sitting limitations was harmless." See Document 13 at 7.

In this instance, it is unclear what evidence justified the Commissioner's findings as to Hart's residual functional capacity or the reasons why the evidence justified those findings. In particular, it is unclear what evidence and/or reasons justified the findings as to Hart's ability to sit, stand and/or walk, and lift/carry. With specific regard to those matters, the Court is unable to ascertain how the Commissioner determined that Hart can sit for up to six hours in an eight hour workday; stand and/or walk for up to two hours in an eight hour workday; and lift/carry up to ten pounds from "one-third to two-thirds of the workday with the freedom to alternate between sitting and standing as needed with the further limitations of pushing and/or pulling up to [ten] pounds from [two] to [six] hours in an [eight hour] workday, the ability to climb, balance, stoop, bend, crouch, kneel, or crawl up to [six] hours in an [eight hour] workday," see Transcript at 17.

Hart submitted a "medical source statement - physical" from Dr. S.R. Cullom ("Cullom"), her treating physician, that generally reflected a greater degree of limitation than that found by the Commissioner. See Transcript at 258-259. Although the statement was accompanied by other findings by Cullom, and came on the heels of other findings by him, the Commissioner discounted some of the limitations contained in the statement–primarily a limitation on Hart's ability to sit for more than two hours in an eight hour workday–because they were not supported by "the evidence of record." See Transcript at 5. The Commissioner's reason is problematic.

The opinion of a treating physician is typically accorded considerable weight. See Choate v. Barnhart, 457 F.3d 865 (8th Cir. 2006). It is accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] ... record." See Id. at 869 [internal quotations omitted]. The opinion may be discounted or even disregarded if "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." See Id. at 869 [internal quotations omitted].

As the Court noted, the Commissioner discounted some of the limitations contained in the statement-primarily a limitation on Hart's ability to sit for more than two hours in an eight hour workday-because they were not supported by the evidence of record. The Commissioner failed, however, to specifically identify the evidence that contradicted the limitations found by Cullom. Because the Commissioner failed to do so, it is difficult to determine whether the unidentified evidence is supported by better or more thorough medical evidence. In addition, it is difficult to determine whether the Commissioner accorded Cullom's findings the appropriate weight.

The claimant has the burden of proving his residual functional capacity. See Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). He is surely entitled to know, however, the reasons justifying the Commissioner's findings as to that issue.

In this instance, although Hart had the burden of proving her residual functional capacity, the Commissioner failed to articulate the reasons justifying the findings as to that issue or what other evidence contradicted the limitations found by Cullom in his statement. For those reasons, a remand is warranted. Upon remand, the Commissioner shall: (1) identify the evidence supporting the findings as to Hart's residual functional capacity and the reasons why the evidence compels the findings, and (2) either accord Cullom's findings controlling weight or specifically identify the other better, more thorough medical evidence that contradicts his findings.[3]

CONCLUSION. The Court finds that the Commissioner's findings are not supported by substantial evidence on the record as a whole. The Commissioner failed to identify the evidence justifying the findings as to Hart's residual functional capacity or the reasons why the evidence compels the findings. The Commissioner also failed to either accord Cullom's findings controlling weight or specifically identify what evidence contradicts his findings. The Commissioner is directed to more fully develop the record. The Commissioner's final decision is therefore reversed, and this case is remanded for additional proceedings. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

---

[3] One additional note is in order. In assessing Hart's residual functional capacity, the Commissioner found that "the function of reaching overhead with the right upper extremity [is] eliminated." See Transcript at 17. It is not clear to the Court whether that specific limitation was contained in the hypothetical questions posed to the vocational expert. See Transcript at 286-290. If a hypothetical question is posed upon remand, it should contain all of Hart's specific limitations.

IT IS SO ORDERED this ___4___ day of June, 2009.


_____
UNITED STATES MAGISTRATE JUDGE